## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| TIFFANY WHERRY, and husband LENDALE HUNT )<br><br>Plaintiffs, )<br><br>v. )<br><br>ABBVIE, INC. )<br><br>Defendant. ) | Case No. 2:24-cv-2645-JPM-atc |

## ORDER GRANTING PARTIAL MOTION TO DISMISS

Before the Court is Defendant AbbVie Inc.'s ("Defendant's" or "AbbVie's") Partial Motion to Dismiss as to Plaintiffs Tiffany Wherry ("Wherry") and Lendale Hunt's ("Hunt") (collectively, "Plaintiffs'") claims under the Tennessee Consumer Protection Act ("TCPA") and for breach of express warranty.  (ECF No. 9.)  Because Plaintiffs have not pled sufficient facts as to either claim, the Partial Motion to Dismiss is **GRANTED**.

## I.  BACKGROUND[1]

### A.  Factual Background

Plaintiff Wherry suffers from Crohn's disease.  (ECF No. 1 at PageID 2.)  To manage her condition, her physician prescribed "Skyrizi 36 mg/2.4 mL prefilled cartridge and 'On-Body injector.'"  (Id.)  Wherry received the Skyrizi cartridge and injector on or about June 12, 2023, and injected the Skyrizi on or about June 15, 2023.  (Id.)  Wherry began to experience symptoms the

---

[1] For purposes of the Motion to Dismiss, the Court takes the facts alleged in the Complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 666 (2009).  This section should not be construed as a finding on any listed fact.

next day, which included "severe fever and burning pain and redness at the injection site." (ECF No. 1-2 at PageID 12.)  She was transported to the hospital, where she was treated with antibiotics. (Id.)  On or about June 29, 2023, the "affected area split open[,] exposing a large area of necrotic tissue in [Wherry's] thigh[,] which had to be surgically removed from her leg[.]" (Id.)  This led to "severe personal injuries[,] permanent disfigurement, nerve pain, and loss of sensation in part of her leg and vagina." (Id.)

Plaintiffs' Complaint stems from this incident and asserts five claims:

(1) negligence and/or recklessness under common law, including res ipsa loquitor;
(2) strict liability pursuant to both Tennessee Code Annotated ("TCA") §§ 29-28-101 et seq. and common law;
(3) breach of warranty in violation of TCA §§ 47-2-314 (implied warranty of merchantability), 47-2-316 (express warranty), and 47-2-315 (implied warranty of fitness for a particular purpose);
(4) violation of the Consumer Protection Act as found in TCA §§ 47-18-101 et seq.;[2] and
(5) loss of consortium.

(ECF No. 1-2 at PageID 6–13.)

**B.  Procedural Posture**

Defendant removed the case to federal court on September 12, 2024.  (ECF No. 1.)  The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

Defendant filed the instant Motion on September 18, 2024.  (ECF No. 9.)  The Court extended Plaintiffs' deadline to respond to the Motion to November 15, 2024.  (ECF No. 13.)  To date, Plaintiffs have failed to respond.  (See ECF No. 19 (Defendant's Notice of Plaintiffs' Failure to Respond).)

---

[2] The Court previously dismissed the TCPA claim.  (See ECF No. 18 at PageID 215 n.1)

## II. LEGAL STANDARD

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." It permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a 12(b)(6) motion, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A complaint need not contain detailed factual allegations. Twombly, 550 U.S. at 570. A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678–79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012). A court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

### B. Breach of Express Warranty

Breach of express warranty claims "focus[] on whether a product conforms to the manufacturer's express statements about the product, rather than on whether the product is defective or unreasonably dangerous." Coffey v. Dowley Mfg., Inc., 187 F. Supp. 2d 958, 969 (M.D. Tenn. 2002) (citing Ladd by Ladd v. Honda Motor Co., 939 S.W.2d 83, 97 (Tenn.App.1996)), aff'd, 89 F. App'x 927 (6th Cir. 2003).

Thus, to make a prima facie claim for breach of express warranty, a plaintiff must show: "(1) the seller made an affirmation of fact intending to induce the buyer to purchase the goods, (2) the buyer was in fact induced by the seller's acts, and (3) the affirmation of fact was false regardless of the seller's knowledge of the falsity or intention to create a warranty." Strayhorn v. Wyeth Pharms., Inc., 737 F.3d 378, 395 (6th Cir. 2013) (citing Coffey, 187 F. Supp. 2d at 969).

### III. ANALYSIS

Because the Court previously dismissed the TCPA claim, (see ECF No. 18 at PageID 215 n.1), only the breach of express warranty claim remains. (See ECF No. 9.)

Defendant argues the Court should dismiss Plaintiffs' express warranty claim because they have "not alleged any facts showing that [Defendant] made an affirmation of fact at all—whether to her prescribing physician or to Plaintiff Wherry." (ECF No. 9-1 at PageID 77.) Defendant bases its argument on two theories: (1) the learned intermediatory theory, such that Defendant's duty to provide information ran to the prescribing physician, not to Wherry; and (2) "boilerplate allegations of express warranty" that do not rise to a cognizable claim. (Id. at PageID 77–78.)

The Court finds Defendant's argument as to the "boilerplate allegations of express warranty" persuasive. (Id.)[3] Plaintiffs make two factual allegations as to the cause of Wherry's

---

[3] Because the Court finds this argument persuasive, it does not reach the learned intermediatory theory argument.

injury.  (See ECF No. 7-1 at PageID 47–48.)  First, Plaintiffs "aver that the dose of Skyrizi was toxic and/or contaminated, and/or that the On-Body injector administered an incorrect dose and/or injected it into the wrong layer of tissue." (Id.)  In the alternative, they allege "the Skyrizi and/or On-Body injector were defective and/or unreasonably dangerous as a result of . . . Defendants' failure to adequately warn." (Id.)  Plaintiffs also include a citation to the Tennessee Annotated Code which addresses express warranties.  (Id. at PageID 52–53.)  However, none of the above rise to sufficient pleading for a claim of breach of express warranty.

For the first allegation, Plaintiffs does not sufficient plead facts for breach of express warranty.  Plaintiffs are alleging the Skyrizi or On-Body injector products were defective.  (See ECF No. 7-1 at PageID 47–48.)  However, a claim for breach of express warranty does not depend on whether a productive is "defective or unreasonably dangerous." Coffey, 187 F. Supp. 2d at 969.  Rather, it depends on express statements made by the manufacturer.  Id.  And like the plaintiffs in Strayhorn, Plaintiffs here "do not identify any affirmation of fact made on the product labeling that they allege to be false." See 737 F.3d at 395 (emphasis omitted).  Thus, Plaintiffs' first allegation is insufficient to plead a claim for breach of express warranty.  See id.

Plaintiffs' alternative allegation—failure to warn—fares no better.  This allegation does not involve an "affirmation of fact made on the product labeling that [is] allege[d] to be false; rather, [it is an] alleg[ation] that the labeling was inadequate." See id.  Thus, the Court finds it unavailing as to breach of express warranty.  See id.

Finally, the portion of Plaintiffs' Complaint regarding breach of warranty does not contain sufficient facts to plead a claim for breach of express warranty.  Plaintiffs cite the Tennessee Annotated Code provision on express warranties, which they allege "Defendant violated by making certain express warranties as shown through advertisements, for the product and by the

5

information provided with the product at or about the time of its sale, which warranties proved to be false and/or that the said Defendant violated or breached." (ECF No. 7-1 at PageID 52–53 (citing Tenn. Code Ann. § 47-2-313).) This portion of the Complaint, however, contains no facts as to an affirmation from Defendant, nor facts as to Defendant inducing Plaintiffs to purchase Skyrizi. Indeed, it is a legal conclusion which the Court need not accept as true. Morgan, 829 F.2d at 12. Thus, it cannot support Plaintiff Wherry's claim for breach of express warranty. Iqbal, 556 U.S. at 679.

## IV.    CONCLUSION

For the reasons discussed above, Defendant's Partial Motion to Dismiss is **GRANTED**. Plaintiffs' remaining claims are:

(1) negligence and/or recklessness under common law, including res ipsa loquitor;
(2) strict liability pursuant to both Tennessee Code Annotated ("TCA") §§ 29-28-101 et seq. and common law;
(3) breach of warranty in violation of TCA §§ 47-2-314 (implied warranty of merchantability) and 47-2-315 (implied warranty of fitness for a particular purpose); and
(4) loss of consortium.

**SO ORDERED**, this 16th day of December, 2024.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT COURT JUDGE